650 So.2d 738 (1995)
Edward L. TARPLEY, Jr.
v.
The COLFAX CHRONICLE, et al.
No. 94-C-2919.
Supreme Court of Louisiana.
February 17, 1995.
Rehearing Denied March 30, 1995.
*739 PER CURIAM.
Writ granted; the judgment of the court of appeal reversing and setting aside the judgment of the district court granting summary judgment is reversed; the district court's ruling granting summary judgment in favor of the Colfax Chronicle and Helen Richards and dismissing plaintiff's suit is reinstated.
Edward L. Tarpley, Jr., district attorney for Grant Parish, filed a defamation suit against The Colfax Chronicle and its editor, Helen Richards. Mr. Tarpley sought recovery for injuries resulting from the publication of an anonymous letter to the editor printed in the February 11, 1993, edition of The Colfax Chronicle, which criticized his performance as district attorney. The letter provided in pertinent part:
A few more statistics on Mr. Tarpley need examining. Mr. Tarpley knows that meetings of the school board an hour before the regular meeting to discuss business and make decisions is a violation of the law he was sworn to uphold. To make it even worse, Mr. Tarpley attended these meetings. Not only were decisions made, but they were carried out and never voted on in open meetings. To me, this hinges on malfeasance.
Defendants filed a motion for summary judgment claiming that Mr. Tarpley could not prove actual malice by clear and convincing evidence. The district court granted defendants' *740 motion. The court of appeal reversed the judgment.
In a defamation suit, summary judgment is appropriate unless a defamation plaintiff produces evidence of sufficient quality and quantity to demonstrate that he likely will be able to meet his burden of proof at trial. Absent such evidence, there is no genuine issue of material fact, and summary judgment should be granted. Sassone v. Elder, 626 So.2d 345 (La.1993).
A public figure, like district attorney Edward L. Tarpley, Jr., cannot recover damages for a defamatory falsehood without clear and convincing proof that the false statement was made with "actual malice," that is, that the statement was made with knowledge that it was false or with reckless disregard of whether it was false or not. Harte-Hanks Communications, Inc. v. Daniel Connaughton, 491 U.S. 657, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989). Where, as here, "actual malice" is the pivotal issue the opponent to the summary judgment must show a genuine issue exists concerning the material fact of defendant's state of mind in making the alleged defamatory expression such that a judge or jury reasonably could find by clear and convincing evidence that the alleged defamatory statements were made with knowing and reckless falsity. Mashburn v. Collin, 355 So.2d 879 (La.1977); Sassone, 626 So.2d at 351.
The actual malice standard is not satisfied merely through showing ill will or "malice" in the ordinary sense of the word. Moreover, actual malice may not be inferred from evidence of personal spite, an intention to injure, or a bad motive. Harte-Hanks Communications, Inc., 491 U.S. at 667, 109 S.Ct. at 2686. Rather, at the very least, actual malice requires that the statement was made with a reckless disregard for the truth. To establish a reckless disregard for the truth, the defamation plaintiff must show that the false publication was made with a "high degree of awareness of probable falsity" or the defendant "entertained serious doubt as to the truth of his publication." Id.
The evidence submitted by Mr. Tarpley in opposing the motion for summary judgment may support Mr. Tarpley's position that the publication was false and that the newspaper and its editor lacked objectivity and were not particularly fond of Mr. Tarpley. However, this evidence does not show that the editor or anyone else at the newspaper knew that the publication was made with knowledge that it was false or with reckless disregard for the truth. Since Mr. Tarpley was unable to produce evidence of sufficient quality and quantity to demonstrate that he likely will be able to meet his burden of proof at trial, summary judgment was appropriate. Under the circumstances, the court of appeal erred in reversing the district court's judgment.
DENNIS, J., not on panel.
WATSON, J., dissents with reasons.
KIMBALL, J., would grant and docket.
WATSON, Justice, dissenting.
Publication of anonymous accusations is a questionable practice in the law of defamation. I would prefer to docket the case for oral argument.
I respectfully dissent from the summary disposition.